UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN TELECOM CO., L.L.C., ET AL.,

   Plaintiffs,

v.

THE REPUBLIC OF LEBANON,

   Defendant.
_____/

Case No. 04-72596

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT [15]**

This matter comes before the Court on Defendant's motion, brought pursuant to Fed. R. Civ. P. 55(c) and 60(b), to set aside the default judgment entered against it on March 9, 2004.[1] For the reasons set forth below, this Court GRANTS Defendant's motion to set aside default judgment.

**I.  Facts**

On July 14, 2004, Plaintiffs filed their complaint alleging breach of contract, fraud, promissory estoppel and breach of quasi contracts arising out of Plaintiffs' bid proposals for commercial contracts to manage cellular phone networks in Lebanon.  (Pls.' Ex. 15.)

 **A.  Service of Process**

---

[1]Defendant filed a combined motion seeking to set aside the default judgment entered against it and to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2).  Pursuant to the Court's Notice of Hearing, the only matter considered at the May 9, 2005 hearing is Defendant's motion to set aside default judgment, not its motion to dismiss.

Plaintiffs' principal, Issam Beydoun ("Beydoun"), attests that he met with the Consul General of the Republic of Lebanon, Ali Ajami ("Consul General Ajami"), to discuss with him a special arrangement for service between Plaintiffs and Defendant. (Pls.' Ex. 9, Beydoun Aff. at ¶¶ 3-6.) He further attests that, several weeks later, Consul General Ajami contacted Beydoun and informed him that he had the necessary approval to agree to a special arrangement of service where the Office of the Consulate General of Lebanon in Detroit, Michigan would accept service of process on behalf of Lebanon. (*Id.* at ¶ 8.) Consul General Ajami attests that he is not aware of any such special arrangement. (Def.'s Ex. A, Ajami Aff. at ¶ 8.)

Plaintiffs hired a process server, Tami H. Deveroux, and on August 24, 2004, she served the Consul General's office with the summons and complaint in this matter in both English and Arabic. (Pls.' Ex. 7, Deveroux Aff. at ¶¶ 4-6; Pls.' Ex. 8, return of service.) Consul General Ajami denies that he ever received any documents in this case that were translated into Arabic. (Ajami Aff. at ¶ 9.)

On August 24, 2004, after service of process, Beydoun attests that he met with Consul General Ajami to confirm service pursuant to the agreed-upon special arrangement. (Beydoun Aff. at ¶ 9.) To further memorialize service pursuant to the special arrangement, Beydoun presented Consul General Ajami with a document titled "Receipt and Acknowledgment;" and Ajami read, signed, dated, and stamped the Receipt and Acknowledgment. (Pls. Ex. 1.)

Defendant failed to respond to Plaintiffs' complaint as required by October 25, 2004. Accordingly, Beydoun began preparations to file a default against Defendant. Beydoun realized that he had misplaced the Receipt and Acknowledgment signed by Consul General

2

Ajami on August 24, 2004, informed Ajami of that fact, and requested an appointment with Ajami. (Beydoun Aff. at ¶ 11.)  Consul General Ajami ultimately agreed to meet with Beydoun on November 29, 2004. (*Id.*)

At the November 29, 2004 meeting, Beydoun attests that he presented Consul General Ajami with a duplicate of the Receipt and Acknowledgment he had signed on August 24, 2004; and Ajami again read, signed, dated and stamped the documents. (*Id.* at ¶ 11; Pls. Ex. 2, 11/29/04 Receipt and Acknowledgment.)

### B.  Entry of Default and Default Judgment

On January 7, 2005, Plaintiffs sought the Clerk's entry of a default against Defendant. Plaintiffs assert that they served the Default they had entered on Consul General Ajami on January 13, 2005; and Ajami reviewed, signed, dated, and stamped a Receipt and Acknowledgment of the "Default filed by American Telecom" on January 13, 2004 [sic]. (Beydoun Aff. at ¶ 12; Pls.' Ex. 3.)  The Clerk's Entry of Default was entered on the docket on January 27, 2005.

On February 4, 2005, Plaintiffs filed a motion for entry of default judgment and served Defendant through Consul General Ajami. (Pls.' Ex. 17, Aff. of Process Server.)  Once again, Ajami reviewed, signed, dated and stamped a Receipt and Acknowledgment of such service. (Pls.' Ex. 4; Beydoun Aff. at ¶ 13.)

On March 9, 2005, Plaintiffs appeared before the Court at a hearing held on Plaintiffs' motion for default judgment.  Plaintiffs presented testimony of two witness: Beydoun and Jack Zwick, CPA to confirm the allegations set forth in Plaintiffs' complaint and to attest to damages.  The Court entered a Default Judgment against Defendant on March 9, 2005 in the amount of $420,001,183.

On March 11, 2005, Plaintiffs served Defendant with the Default Judgment through Consul General Ajami; and Ajami reviewed, signed, dated, and stamped a Receipt and Acknowledgment of such service.  (Pls.' Ex. 5; Beydoun Aff. at ¶ 15.)

On April 15, 2005, Defendant filed this motion seeking to set aside the default judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.

**II.   Analysis**

   **A.  Entry of Default**

Under Fed. R. Civ. P. 55(c), for good cause shown, the court may set aside an entry of default.  In determining whether to set aside an entry of default, the court must apply the three part test set forth in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983):

   1. Whether the plaintiff will be prejudiced;
   2. Whether the defendant has a meritorious defense; and
   3. Whether culpable conduct of the defendant led to the default.

Federal courts strongly favor decisions on the merits.  *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990).  In fact, the policy is so strong, even where a defendant wilfully evades service of process, a default may be set aside.  In *Berthelsen*, the court held that even though the defendant wilfully evaded service the entry of default should be set aside because the plaintiff would not be prejudiced and the defendant had a meritorious defense.  *Id.* at 622.

   **B.  Default Judgment**

Rule 55(c) further provides that a default judgment may be set aside in accordance with Rule 60(b).  The same *United Coin Meter* three-prong test applies when deciding

whether to set aside a default judgment under Rule 60(b), but the standards under Rule 60(b) are more stringent than those imposed under Rule 55(c). *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995). As the court observed in *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290 (6th Cir. 1992),

> a stricter standard applies for setting aside a default once it has ripened into a judgment. When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the "good cause shown" standard. But once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation. Rule 60(b) reflects this public policy by requiring greater specificity from a moving party before a court will set aside a default judgment. . . .

*Id.* at 292.

The *Waifersong* Court further observed that when the court is asked "to set aside an entry of default, a court considers the first [*United Coin Meter*] factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry." *Id.*

In *Waifersong*, the defendant sought relief under Rule 60(b)(1) which provides relief for "mistake, inadvertence, surprise, or excusable neglect." Thus, the court observed, the district court could not consider the remaining two *United Coin Meter* factors unless defendant demonstrated that "his default was the product of mistake, inadvertence, surprise, or excusable neglect." *Id.* After that burden was met, the court would consider whether there was a meritorious defense and absence of prejudice to plaintiff if relief was granted. *Id. See also Manufacturers' Indus. Relations*, 58 F.3d at 209-210.

**C. Application of Rule 60(b)**

Rule 60(b) provides six separate reasons where the Court may allow relieve a party from a final judgment. Fed. R. Civ. P. 60(b). Defendant argues that the default judgment against it should be set aside based on the following Rule 60(b) reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; and (6) any other reason justifying relief from the operation of judgment. The Court first addresses Defendant's argument that the default judgment is void because Defendant is entitled to sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.A. § 1604, and thus the Court lacks subject matter jurisdiction over this matter.

**1. Subject Matter Jurisdiction**

Defendant argues that it is entitled to immunity from this lawsuit under § 1604 of the FSIA, which provides that: "Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in Sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Plaintiffs, on the other hand, argue that Defendant does not have immunity because the commercial activity exception set forth in § 1605(a)(2) applies here.

The burden of proof on this issue is as follows:

The party claiming FSIA immunity bears the initial burden of proof establishing a prima facie case that it satisfies the FSIA's definition of a foreign state; once this prima facie case is established, the burden of production shifts to the non-movant to show that an exception applies. [citation omitted] Nevertheless, the party claiming FSIA immunity retains the ultimate burden of persuasion throughout.

*Keller v. Central Bank of Nigeria*, 277 F.3d 811, 815 (6th Cir. 2002).

The FSIA's commercial activity exception, 28 U.S.C. § 1605(a)(2), provides that a foreign state is not immune from the Court's jurisdiction "in any case" in which:

> the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States. . . .

28 U.S.C. § 1605(a)(2). Plaintiffs argue that this exception applies because (1) Defendant's actions are commercial in nature; i.e., it solicited bids for a commercial project just as any private commercial party would do, and (2) Defendant's commercial activity had a direct effect in the United States; i.e., wrongfully depriving Plaintiffs of the lucrative contracts at issue here which would have been performed in part by employees in the United States. Defendant does not contest the first element, but does dispute the second. The first element is satisfied "when a foreign government acts, not as a regulator of a market, but in the manner of a private player within it. . . ." *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992). Here, the contracts at issue were for cellular phone services; the type of commercial activity done by private parties.

The second element -- "a direct effect in the United States" -- has been described by the Supreme Court as follows: "an effect is 'direct' if it follows 'as an immediate consequence of the defendant's . . . activity.'" *Republic of Argentina v. Weltover*, 504 U.S. 607, 618 (1992) (citation omitted). The Sixth Circuit has declined to adopt the "legally significant acts test" applied by the Tenth Circuit in *United World Trade, Inc. v. Mangyshlakneft Oil Prod. Ass'n*, 33 F.3d 1232, 1239 (10th Cir. 1994). *Keller*, 277 F.3d at

7

817. Rather, the Sixth Circuit agreed with those appellate courts reasoning that when the Supreme Court rejected the suggestion that § 1605(a)(2) contains any unexpressed requirement of "substantiality" or "foreseeability," "this holding was an admonishment to the courts not to add any unexpressed requirements to the language of the statute." *Keller*, 277 F.3d at 818 (discussing *Republic of Argentina v. Weltover*, 504 U.S. 607, 618 (1992)). In *Keller*, the Sixth Circuit found that the failure to transmit promised funds to a bank account in Cleveland "constituted a direct effect in the United States." *Keller*, 277 F.3d at 818.

The Court is taking the issue of subject matter jurisdiction under advisement and will revisit it at the hearing scheduled for Defendant's pending motion to dismiss. Based on the arguments presented at the May 9, 2005 hearing and the parties' briefs, it is not clear whether the Court has subject matter jurisdiction over this matter. Because this Court has determined that the Default Judgment entered against Defendant on March 9, 2005 should be set aside on other grounds, a subsequent ruling by the Court finding that it does not have subject matter jurisdiction will not prejudice the parties to this litigation.

The Court now addresses Defendant's second argument that the default judgment is void and thus should be set aside under Rule 60(b)(4).

### 2. Personal Jurisdiction

Defendant argues that, because service was not properly effected as required under §1608, this Court lacks personal jurisdiction over Defendant. *See* 28 U.S.C. § 1330(b) (providing that "Personal jurisdiction over a foreign state shall exist as to every claim for

8

relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title."). Plaintiffs respond that service of process was properly made under § 1608. This Court agrees.

Section 1608 provides four alternative methods for service of process on a foreign state. Plaintiffs assert that service was accomplished under 28 U.S.C. § 1608(a)(1), which provides for "delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." Plaintiffs claim they had made a special arrangement with Defendant for service pursuant to 28 U.S.C. § 1608(a)(1), and pursuant to that special arrangement, Plaintiffs served Defendant with the summons and complaint, default, motion for default judgment, and default judgment. Plaintiffs' present evidence showing that, on five separate occasions, that special arrangement for service was acknowledged by Consul General Ajami. (Pls.' Exs. 1-5, Beydoun Aff.)

Despite the fact that Consul General Ajami signed, dated, and stamped five Acknowledge and Receipt forms providing that he was served with the summons and complaint, default, motion for default judgment, and default judgment pursuant to a special arrangement for service between the parties in accordance with 28 U.S.C. § 1608(a)(1), Defendant argues here that service was improper because (1) Consul General Ajami did not prepare the form; (2) Consul General Ajami "had no idea of the potential implications of what he was signing" and was "hoodwinked" by Plaintiffs; and (3) Consul General Ajami was served with an "incomplete and altered" document entitled "The Complaint" that differs from the Complaint filed in this matter. Defendant further argues that it did not become aware that this case was pending until March 9, 2005 when the Ministry of

9

Telecommunications received a copy of a notice of the motion for default judgment. Defendant further asserts that by the time the Ministry received that copy, the default judgment had already been entered. (Def. Ex. B, Khoury Aff., legal counsel for the Ministry of Telecommunications.)

Plaintiffs respond with evidence showing that Consul General Ajami was properly served and that Defendant received actual notice of this lawsuit well in advance of this Court's entry of the March 9, 2005 default judgment. Defendant Lebanon's own file documents refute its claims that it was unaware of this lawsuit until after the default judgment was entered. (Pls.' Ex. 1-2, signed Receipt and Acknowledgment of service of complaint and summons; Pls.' Ex. 8, return of service of complaint and summons dated 8/24/04; Pls.' Ex. 6, time-stamped Complaint in this action with stamps of "Consulate General of Lebanon" and the date "Aug 24 2004" on the face of the Complaint; Pls.' Ex. 12, translated letters from the Consulate General of Lebanon in Detroit to the Ministry of Foreign Affairs and Immigrants for transfer to Ministry of Justice attaching Plaintiffs' Complaint (dated 11/30/04), a letter discussing Plaintiffs' lawsuit (1/15/05), a letter enclosing Plaintiffs' motion in this lawsuit (2/16/05), a letter enclosing this Court's notice of the March 9, 2005 hearing on Plaintiffs' motion for default judgment (2/22/05), and a letter enclosing a copy of the Default Judgment entered on March 9, 2005 (3/11/05); Pls.' Ex. 14., translation of Arabic stamp on Plaintiffs' motion for entry of default judgment.)[2]

As observed by the Sixth Circuit, the issue whether a default judgment is voidable because the defendant was not served turns upon whether the defendant "had actual

---

[2]This evidence also refutes Defendant's arguments that the default judgment should be set aside pursuant to Rule 60(b)(3) for fraud, misrepresentation, or misconduct.

notice" of the default judgment. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 109 (6th Cir. 1995). *See also Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1250 (6th Cir. 1993) (where the court "found that service was sufficient under the FSIA even though the complaint was not translated as required where all other requirements, including actual notice, were met" and further observed that the purpose of the FSIA was "to ensure actual notice to foreign states of the fact and substance of pending litigation" and held that "[w]here a party has received such notice, despite technical omissions in the manner of service, the purpose of the Act if not its letter has been satisfied.")

The Court now addresses Defendant's argument that the default judgment should be set aside as void under Rule 60(b)(4) because Plaintiffs did not adequately establish their claim or right to relief as required under 28 U.S.C. § 1608(e).

### 3. Requirements Under § 1608(e) for Entry of Default Judgment

28 U.S.C. § 1608(e) provides that:

No judgment by default shall be entered by a court of the United States or a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

At the March 9, 2005 hearing on its motion for entry of default judgment, Plaintiffs presented the testimony of two witnesses: Beydoun and Jack Zwick, CPA. Beydoun, a principal member of both Plaintiff corporations testified that (1) he had read the Complaint; (2) to the best of his knowledge, its allegations were true and accurate; (3) Plaintiffs did not get a chance to "fill the contract" at issue in the Complaint; and (4) the parties who were awarded the contract submitted their bids in the exact same manner that Plaintiffs did but

Plaintiffs' bid was disqualified and the others' bids were not disqualified. (Def. Ex. C, 3/9/05 Hr. Tr. at 4-5.) Zwick, a CPA, prepared the calculation of damages and testified about the basis for the computation and the amount of damages. (*Id.* at 5-8.) Plaintiffs also submitted Zwick's computation into evidence as well as the documents that formed the basis for the computation.

Defendant contends this is insufficient. The Court agrees.

As the Sixth Circuit observed, § 1608(e) "does not relieve foreign instrumentalities of the duty to defend cases or to obey court orders." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 976 (6th Cir. 1991). "On the other hand, we will not ignore the strong policy stated in the statute, as part of the Foreign Sovereign Immunities Act, of encouraging foreign states and their instrumentalities to appear before United States courts and allowing the merits of cases involving foreign sovereigns to be considered completely and carefully." *Id.*

Default judgments under § 1608(e) are treated differently than ordinary default judgments. "Under § 1608(e), in addition to damages, the claimant must 'establish his claim or right to relief,' and must do so by 'evidence satisfactory to the court.'" *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). As the statute reflects, "Congress intended § 1608(e) to provide foreign states protection from unfounded default judgments rendered solely upon a procedural default." *Id.* at 250-51 (citing congressional history).

Despite their claims to the contrary, Plaintiffs have not satisfied this burden. Under the heightened burden of § 1608(e), Plaintiffs should have "establish[ed] entitlement to relief by providing satisfactory evidence as to each element of the claims upon which relief

12

was sought." *Id.* at 251. At the March 9, 2005 hearing, Plaintiffs did not provide the Court with satisfactory evidence as to each element of the claims asserted in their Complaint; i.e., breach of contract, breach of implied contract, promissory estoppel, fraudulent misrepresentation, and fraud in the inducement. Accordingly, the Court will set aside the March 9, 2005 default judgment under Rule 60(b).

### D.  Application of Rule 55(c) and *United Coin Meter* Factors

Under Federal Rule of Civil Procedure 55(c), for good cause shown, the Court may set aside an entry of default. Applying the three part test set forth in *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983), this Court determines that the default shall be set aside pursuant to Rule 55(c). First, the Court finds that it was not culpable conduct on the part of Defendant that led to the default. "To be treated as culpable, the conduct of a defendant must display either an attempt to thwart judicial proceedings or a reckless disregard for effect of conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986). The Court is not persuaded that Defendant was attempting to thwart judicial proceedings or displayed a reckless disregard for the effect of its conduct on the proceedings here. Next, the Court finds that Defendant does have a meritorious defense and further observes that the courts strongly favor decisions on the merits. *See Berthelsen*, 906 F.2d at 620. Finally, the Court is not convinced that Plaintiffs have been prejudiced from the change in Lebanon's government that has occurred over the last two months.

### III.  Conclusion

For the foregoing reasons, Defendant's motion is GRANTED and the Default and Default Judgment entered against Defendant are hereby SET ASIDE.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: May 9, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager