UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN TELECOM CO., LLC, *et al.*,

               Plaintiffs,                      Case No. 04-72596

v.

                                          Honorable Nancy G. Edmunds

THE REPUBLIC OF LEBANON,

               Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR
REINSTATEMENT AND RECONSIDERATION OF ORDER SETTING ASIDE
DEFAULT JUDGMENT [47] AND DENYING PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT [51]**

American Telecom Company, LLC and American Telecom Group-USA, LLC

(collectively, "Plaintiff") initiated this lawsuit against Defendant, the Republic of Lebanon,

in 2004. (ECF No. 1.) This Court dismissed the case for lack of subject matter jurisdiction

the next year. *See Am. Telecom Co., LLC v. Republic of Lebanon*, 408 F. Supp. 2d 409,

410 (E.D. Mich. 2005). The Sixth Circuit Court of Appeals affirmed. *See Am. Telecom

Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 536 (6th Cir. 2007). And the United States

Supreme Court denied the petition for a writ of certiorari filed by Plaintiff. (ECF Nos. 42,

43.) Now, over fifteen years later, Plaintiff seeks reinstatement of the case and

reconsideration of a previous order issued by the Court setting aside the default judgment

entered against Defendant. (ECF No. 47.) And even though this case remains closed,

Plaintiff has also filed a motion for entry of default. (*See* ECF No. 51.) Defendant has not

responded to these motions. For the reasons below, the Court DENIES Plaintiff's motions.

1

I.      **Background**

Plaintiff was a bidder for a contract to manage cellular telephone networks in Lebanon. Upon Defendant's invitation to bid, Plaintiff paid $25,000 to participate in an Auction Tender but was disqualified without explanation during the pre-qualification stage. Due to questionable conduct by the officials conducting the Auction Tender, however, Defendant cancelled it in favor of a New Public Tender. According to Plaintiff, officials persuaded it to pay another $5,000 and participate in the New Public Tender with assurances of fairness and good faith. Plaintiff claims that it spent over $500,000 preparing its bid. In a rush to comply with the submission deadline, Plaintiff submitted several required documents, including a tender bond, via email, allegedly in reliance on a verbal approval by an employee. Defendant disqualified Plaintiff because the tender bond was an email and not an original document; it pre-qualified seven other companies, none of which was an American company. Ultimately, a German company won the contract for one network and a Kuwaiti company won the other.

After its disqualification, Plaintiff sued Defendant in this Court on July 14, 2004, alleging breach of contract, fraud, promissory estoppel, and breach of quasi contract. Subject matter jurisdiction was predicated on 28 U.S.C. § 1330. Plaintiff served Defendant at its Office of the Consulate General in Detroit, Michigan. When Defendant failed to answer, Plaintiff sought and obtained a Clerk's entry of default, moved for default judgment, appeared for a motion hearing, and obtained a default judgment in the amount of approximately $420 million. (*See* ECF No. 8.) Counsel for Defendant eventually responded, filed a special appearance in this Court, and moved to set aside the default judgment and the default. After the Court granted that motion, (ECF No. 23),

2

Defendant moved to dismiss the action for lack of subject matter jurisdiction, arguing it is entitled to absolute immunity under the Foreign Sovereign Immunities Act ("FSIA"). The Court granted that motion as well, finding that Defendant's conduct did not cause a direct effect in the United States and therefore the 28 U.S.C. § 1605(a)(2) commercial activity exception to FSIA immunity did not apply. (ECF No. 33.) On appeal, the Sixth Circuit found no error in this reasoning and affirmed. *See Am. Telecom Co.*, 501 F.3d at 536. Plaintiff filed a petition for a writ of certiorari, but it was denied by the Supreme Court in 2008. (ECF Nos. 42, 43.) Plaintiff brought the present motions in 2024.

## II.      Legal Standard

Plaintiff cites to Federal Rule of Civil Procedure 60(b) as the basis for relief in its motion for reinstatement and reconsideration but does not identify which subsection it is relying on. Rule 60(b) allows a court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A district court's ruling on a Rule 60(b) motion is reviewed for an abuse of discretion. *See Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016).

## III.      Analysis

The Court first notes that Plaintiff does not acknowledge that the Sixth Circuit affirmed the dismissal of this case or even mention that there was an appeal anywhere

in its motions. But "[a] district court must regard the appellate decision as conclusive unless the party brings to its attention the sort of circumstances which justify relief under Rule 60(b)." *See United States v. 429 S. Main St.*, 906 F. Supp. 1155, 1159 (S.D. Ohio 1995) (citing *Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir. 1993)). "A district court also does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for relief cited in the Rule 60(b) motion." *Id.* at 1159 (citing *DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994); *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982)).

Here, the Sixth Circuit affirmed this Court's conclusion that federal jurisdiction is lacking, finding that including or excluding an American company from the process of bidding on a contract in Lebanon does not cause a direct effect in the United States. *See Am. Telecom Co.*, 501 F.3d at 541. Plaintiff claims it has "newly discovered evidence" and evidence of alleged "fraud," but even if the unsworn letters it has filed can be construed as such,[1] they do not alter the relevant analysis. For example, Plaintiff has submitted letters suggesting a false affidavit was previously filed by Defendant regarding whether it was properly served with the complaint prior to entry of the default judgment. But the issue of service was considered by the Court when it set aside the default judgment, not when it dismissed the case.[2] And while Plaintiff also repeats its

---

[1] To the extent Plaintiff has submitted letters calling into question the impartiality of this Court and tarnishing the reputation of certain officials, these claims are not well-taken.

[2] Even the decision to set aside the default judgment did not turn on the issue of service. In that order, the Court found that Defendant was properly served prior to entry of the judgment, explicitly rejecting Defendant's claim that it was unaware of the lawsuit until after the default judgment was entered. (ECF No. 23, PageID.610-11.)

argument regarding the effect it believes Defendant's actions had in the United States, the Sixth Circuit already considered and rejected a similar argument. *See id.* Thus, this Court does not have jurisdiction to reinstate the case.

But even if the Court did have jurisdiction over Plaintiff's motion, Plaintiff would not prevail. To the extent Plaintiff relies on "newly discovered evidence" or alleged "fraud," its motion is untimely. *See* Rule 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). And as noted above, Plaintiff has not presented anything that would alter the analysis regarding a lack of subject matter jurisdiction. To the extent Plaintiff attempts to sidestep the issue of jurisdiction by arguing that Defendant was "attempting to cover [the evidence] up by having the lawsuit dismissed on a jurisdictional argument," (ECF No. 47, PageID.1464), as the Sixth Circuit stated in its opinion affirming the dismissal of this case, jurisdiction is a threshold issue; "there is no doctrine of hypothetical jurisdiction that enables a court to resolve contested questions of law when its jurisdiction is in doubt." *See Am. Telecom Co.*, 501 F.3d at 537 (quotation marks and citations omitted). Because federal jurisdiction is lacking, the Court cannot grant Plaintiff the relief it seeks.

## IV.    Conclusion

For the reasons above, Plaintiff's motions are DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 10, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2025, by electronic and/or ordinary mail.

<u>s/Marlena Williams</u>
Case Manager